United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Annette McCrae-Gill  
    Debtor

Case No. 18-10803-mdc  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: PaulP    Page 1 of 1    Date Rcvd: Jun 24, 2020  
Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 26, 2020.
db      +Annette McCrae-Gill,    5239 Arbor Street,    Philadelphia, PA 19120-3603

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.      TOTAL: 0

    ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 26, 2020      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 24, 2020 at the address(es) listed below:

     JAMES A. PROSTKO    on behalf of Creditor    The Bank Of New York Mellon F/K/A The Bank Of New York et. al. paeb@fedphe.com  
     JASON BRETT SCHWARTZ    on behalf of Creditor    Capital One Auto Finance, a division of Capital One, N.A. jschwartz@mesterschwartz.com  
     JEROME B. BLANK    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC paeb@fedphe.com  
     MARIO J. HANYON    on behalf of Creditor    The Bank Of New York Mellon F/K/A The Bank Of New York et. al. paeb@fedphe.com  
     MARIO J. HANYON    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC paeb@fedphe.com  
     PAMELA ELCHERT THURMOND    on behalf of Creditor    CITY OF PHILADELPHIA pamela.thurmond@phila.gov, karena.blaylock@phila.gov  
     REBECCA ANN SOLARZ    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com  
     STEPHEN MATTHEW DUNNE    on behalf of Debtor Annette McCrae-Gill bestcasestephen@gmail.com, dunnesr74587@notify.bestcase.com  
     THOMAS YOUNG.HAE SONG    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC paeb@fedphe.com  
     THOMAS YOUNG.HAE SONG    on behalf of Creditor    The Bank Of New York Mellon F/K/A The Bank Of New York et. al. paeb@fedphe.com  
     United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
     WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com  
     TOTAL: 12

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Annette McCrae-Gill <br> _Debtor_ | CHAPTER 13 |
| PENNYMAC LOAN SERVICES, LLC <br> _Movant_ <br> vs. | NO. 18-10803 MDC |
| Annette McCrae-Gill <br> _Debtor_ | |
| William C. Miller, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,885.38,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2019 to March 2020 at $760.10/month |
| | April 2020 to June 2020 at $743.21/month |
| Suspense Balance: | $144.75 |
| **Total Post-Petition Arrears** | **$5,885.38** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on July 1, 2020 and continuing through December 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$743.21** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of $980.90 from July 2020 to November 2020 and $980.88 for December 2020 towards the arrearages on or before the last day of each month at the address below:

MIDLAND MORTGAGE
999 N.W. GRAND BOULEVARD, SUITE 100
OKLAHOMA CITY, OK 73118-6116

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:   June 9, 2020                           By: /s/ Rebecca A. Solarz, Esquire
                                                   Attorney for Movant



Date:   June 15, 2020                          /s/ Stephen Matthew Dunne, Esquire
                                                   Stephen Matthew Dunne, Esquire
                                                   Attorney for Debtor

|  |  | **No Objection** |
|---|---|---|
| Date: **6/20/2020** | /s/ LeeAne O. Huggins | |
| | William C. Miller, Esquire | |
| | Chapter 13 Trustee | |

Approved by the Court this __24th__ day of _____June_____, 2020. However, the court retains discretion regarding entry of any further order.

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge